UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
DONNA MARIE SIVILLO,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-6112 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On November 3, 2025, Plaintiff Donna Marie Sivillo ("Plaintiff") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Defendant") final decision denying her application for disability insurance benefits ("DIB"). *See generally* Complaint, Dkt. 1 ("Complaint" or "Compl."). Before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] Having considered the parties' pleadings, briefs, and the administrative record, the Court denies Plaintiff's Motion and grants Defendant's Motion.

## BACKGROUND[2]

### A. Plaintiff's Supplemental Security Income Application

On February 9, 2023, Plaintiff filed for Supplemental Security Income ("SSI"), Joint Stip.

[1] *See* Notice of Motion for Judgment on the Pleadings, Dkt. 9 ("Plaintiff's Motion" or "Pl.'s Mot."); Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleading, Dkt. 9-1 ("Plaintiff's Memorandum" or "Pl.'s Mem."); Plaintiff's Reply in Support of Plaintiff's Motion for Judgment on the Pleadings and in Opposition to the Commissioner's Cross-Motion for Judgment on the Pleadings ("Plaintiff's Reply" or "Pl.'s Reply"); Defendant's Notice of Cross-Motion, Dkt. 10 ("Defendant's Cross-Motion" or "Def.'s Cross-Mot."); Memorandum of Law in Support of Defendant's Cross-Motion for Judgment on the Pleadings, Dkt. 10-1 ("Defendant's Memorandum" or "Def.'s Mem.").

[2] The following facts are undisputed and taken from the parties' Joint Stipulation of Facts, Dkt. 12 ("Joint Stipulation" or "Joint Stip."), and the administrative record, *see* Administrative Transcript, Dkt. 8 ("Administrative Record" or "R."), unless otherwise noted.

at 1; R. at 15, alleging that she had been disabled since January 1, 2020, due to bipolar disorder, tardive dyskinesia ("TD"), hyperactive thyroid, and heart murmur, Joint Stip. at 1; R. at 217. Plaintiff's SSI claim was denied initially on July 20, 2023, R. at 73-77, and upon reconsideration, Plaintiff requested an administrative hearing, *id.* at 92, which was held on January 17, 2025, *id.* at 32-52.

**B. The ALJ's Findings**

On April 16, 2025, an administrative law judge ("ALJ"), denied Plaintiff's SSI application and found that Plaintiff was not disabled from February 9, 2023, the SSI application date, through the date of the ALJ's decision. *See* Joint Stip. at 1, 14-15; R. at 12-31.

Applying the Social Security Administration's five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since February 9, 2023, the date of her SSI application. R. at 17. At step two, the ALJ determined that Plaintiff had the following severe impairments: sciatica, Hashimoto's thyroid disease, tardive dyskinesia, and bipolar disorder. *Id.* At step three, the ALJ found that none of Plaintiff's impairments or combination of impairments met or medically equaled the criteria for any impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 18. At step four, the ALJ then assessed that Plaintiff retained the "residual function capacity" ("RFC") to perform "light work as defined in 20 CFR § 404.967(b), except that she can only occasionally climb ramps and stairs, kneel, crouch, and crawl, she can never climb ladders, ropes, or scaffolds, work at unprotected heights or with moving mechanical parts, and she can understand, remember, and carry out simple instructions. *Id.* at 19-20. The ALJ determined that Plaintiff had no past relevant work. *Id.* at 25. Accordingly, the ALJ concluded that Plaintiff was not disabled and, therefore, denied Plaintiff's SSI application from her SSI application date of February 9, 2023, through the date of its decision. Joint Stip. at 1; R. at 27.

Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council on September 5, 2025. Joint Stip. at 1; R. at 1-6. After the Appeals Council's denial, the ALJ's decision became the Commissioner's final decision.

**C. District Court Procedural History**

On November 3, 2025, Plaintiff commenced this action, seeking review of Defendant's final decision. *See generally* Compl. On November 4, 2025, the Court set a briefing schedule, *see* Order, dated Nov. 4, 2025. The parties filed a consent motion for extension of time to file their briefs and proposed a revised schedule, *see* Parties' Letter to the Court, Dkt. 7, which the Court granted and ordered on January 5, 2026, *see* Order, dated Jan. 5, 2026. Pursuant to the briefing revised schedule, on January 28, 2026, Defendant filed the Administrative Record. *See generally* R., Plaintiff filed a motion for judgment on the pleadings on May 4, 2026, *see generally* Pl.'s Mot., Defendant filed a cross-motion for judgment on the pleadings on July 1, 2026, *see generally* Def.'s Cross-Mot., and Plaintiff filed a reply, *see generally* Reply, and the parties filed their Joint Stipulation on July 17, 2026, *see generally* Joint Stip.

**LEGAL STANDARDS**

**A. Judicial Review**

A district court's review of an ALJ's decision is limited to determining (1) whether the ALJ's findings are supported by substantial evidence and (2) whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g).

When assessing whether a decision was supported by substantial evidence, district courts do not review *de novo*. *See Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004); *see also Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) ("Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner."). Rather, they "look[] to an existing administrative

record and ask[] whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (alteration in original) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Courts are "required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn," *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013), but "it is up to the agency, and not [district courts], to weigh the conflicting evidence," *Lebby v. Comm'r of Soc. Sec.*, 20-CV-4760 (PKC), 2022 WL 580983, at *7 (E.D.N.Y. Feb. 24, 2022) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). "Substantial evidence" is less than a preponderance but "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian*, 708 F.3d at 417. Under this "very deferential standard of review," district courts can reject an ALJ's factual findings "only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994)).

The Court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," remand for further development of the record is appropriate. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). A court should grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) if, under the pleadings, "the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am.*, 47 F.3d 14, 16 (2d Cir. 1995).

**B. Regulatory Framework for Determining Entitlement to SSI Benefits**

SSI benefits are available to individuals who are disabled. A person is disabled if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

When determining whether an individual is disabled and therefore entitled to SSI benefits, an ALJ employs a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, an ALJ considers a claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If a claimant is performing substantial gainful activity, then a claimant is not disabled, and the inquiry stops there. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). If an ALJ does determine that a claimant is not performing substantial gainful activity, the ALJ proceeds to step two, where they determine whether a claimant suffers from "a severe medically determinable physical or mental impairment" or "combination of impairments" that meets the 12-month durational requirement. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If a claimant does not have a severe impairment or combination of impairments that meets the durational requirement, then a claimant is not disabled, and the inquiry stops there. *Id.* § 404.1520(a)(4).

If an ALJ determines that a claimant does have a severe impairment or combination of impairments that meets the durational requirement, they proceed to step three, where the ALJ considers whether a claimant's medical impairment or combination of impairments appear on a list maintained by the Social Security Administration that defines impairments of sufficient severity as to prevent any gainful activity. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant's impairment meets a definition on the list, then the ALJ will find a claimant disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* §§ 404.1520(a)(4)(iii)-(iv).

At step four, the ALJ evaluates a claimant's past relevant work and determines a claimant's RFC, which is defined as "the most [a claimant] can still do despite [their] limitations." *Id.* § 404.1545(a)(1); *see id.* § 404.1520(a)(4)(iv). Work is past relevant work if a claimant performed the work within the past five years, the work qualifies as substantial gainful activity, and the work lasted long enough for a claimant to learn how to do it. *Id.* § 404.1560(b)(1). If a claimant's RFC permits them to perform past relevant work, they are not disabled, and the inquiry stops there. *Id.* §§ 404.1560(b)(3); 404.1520(a)(4).

If a claimant cannot perform past relevant work, the ALJ proceeds to step five and determines whether, in light of the claimant's RFC, age, education, and work experience, they can perform other substantial gainful employment. *Id.* § 404.1520(a)(4)(v). While the claimant bears the burden of proof during the first four steps, at step five "the burden shifts to the Commissioner to demonstrate that there are jobs in the national economy that the claimant can perform." *Nieves v. Comm'r of Soc. Sec.*, 20-CV-8873 (SLC), 2022 WL 951107, at *7 (S.D.N.Y. Mar. 30, 2022) (citing *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam)). A claimant who can perform such jobs is deemed not disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## DISCUSSION

### A. Substantial Evidence Supports the ALJ's RFC Assessment.

Plaintiff "challenges the ALJ's RFC assessment for its failure to include any meaningful limitations addressing her ability to maintain regular attendance, remain on task throughout the workday, sustain an ordinary work routine, regulate her emotions and behavior, and function daily." Reply at 2; Pl.'s Mem. at 14-16. Plaintiff argues that the ALJ's finding that Plaintiff can perform a reduced range of light work is not supported by substantial evidence because the ALJ failed to incorporate or reconcile the limitations assessed by Plaintiff's consultative examiner, Dr. Brian McKenzie ("Dr. McKenzie"), and failed to translate Plaintiff's severe mental impairments

into concrete work-related limitations. Pl.'s Mem. at 14. Defendant asserts that substantial evidence supports the ALJ's decision that Plaintiff could perform a range of simple work. Def.'s Mem. at 3-9.

"Step Four findings need only 'afford[ ] an adequate basis for meaningful judicial review, appl[y] the proper legal standards, and [be] supported by substantial evidence such that additional analysis would be unnecessary or superfluous[.]'" *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (alterations in original) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). "It is entirely proper for the ALJ to only credit portions or medical source opinions, or weigh different parts of the same opinion differently," but the ALJ must "have a sound reason for the discrepancy." *Artinian v. Berryhill*, 16-cv-4404 (ADS), 2018 WL 401186 (ADS), at *8 (E.D.N.Y. Jan. 12, 2018); *see Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983) ("Although we do not require that, in rejecting a claim of disability, an ALJ must reconcile explicitly every conflicting shred of medical testimony, we cannot accept an unreasoned rejection of all the medical evidence in the claimant's favor." (internal citations omitted)).

Dr. McKenzie opined that Plaintiff has moderate limitations sustaining an ordinary routine and regular attendance at work, regulating emotions, controlling behavior, and maintaining well-being, and using reason and judgment to make work-related problems. R. at 811. Dr. McKenzie concluded that Plaintiff's results "may significantly interfere with [her] ability to function on a daily basis." *Id.*

The ALJ considered these findings "generally persuasive, as it is generally supported by findings and consistent with the overall evidence referenced in [its] decision, with treatment notes showing [Plaintiff] mostly to report doing well and denying any symptomatology." R. at 24. However, the ALJ ultimately concluded that the medical evidence of record did not support

Plaintiff's allegations of disability. *Id.* The ALJ determined that Plaintiff's mental health impairments "result in no more than moderate restriction in understanding, remembering, or applying information; mild restriction in social interaction; mild restriction in concentration, persistence, or maintaining pace; and mild restriction in adapting or managing herself." *Id.* The ALJ concluded that Plaintiff had the mental RFC to understand, remember, and carry out simple instructions. *Id.*

The ALJ's conclusion that Plaintiff is able to perform simple work is not belied by Dr. McKenzie's conclusion that Plaintiff had moderate limitations. Moderate limitations in mental function capacities such as pace, concentration, sustaining an ordinary routine, regular attendance at work, staying on schedule, and related capacities "do not prevent individuals from performing 'unskilled work.'" *Porteus v. O'Malley*, 23-969, 2024 WL 2180203, at *3 (2d Cir. May 15, 2024) (quoting *Zabala v. Astrue*, 595 F.3d 402, 405-06, 409-10 (2d Cir. 2010)). Thus, the ALJ's conclusion that Plaintiff is capable of simple work accounts for Dr. McKenzie's conclusion on Plaintiff's moderate limitations.

Additionally, the ALJ did not err by not incorporating limitations to address Plaintiff's ability to maintain attendance, remain on task, sustain a consistent work routine, or function reliably from day to day. The Second Circuit has rejected arguments by claimants that a medical opinion finding moderate limitations in following instructions, maintaining attention and concentration, maintaining regular attendance, performing activities within a schedule, and being punctual requires an ALJ to include restrictions relating to staying on task or attendance in its RFC assessment. *See Valdes-Ocasio v. Kijakazi*, 21-3152, 2023 WL 3573761, at *1 (2d Cir. May 22, 2023). Here, Dr. McKenzie concluded that Plaintiff's mental impairments caused no more than moderate limitations, and the ALJ concluded that Plaintiff was subject to no more than moderate

restrictions. R. at 24. The ALJ suitably accounted for Dr. McKenzie's conclusion by limiting Plaintiff's RFC assessment to simple work. *See Benjamin v. O'Malley*, 726 F. Supp. 3d 132, 138 (E.D.N.Y. 2024) (concluding that the ALJ accounted for the doctor's opinion of no more than moderate limitations by finding that opinion persuasive and limiting the RFC assessment to simple tasks). Dr. McKenzie's report did not require the ALJ to include more detailed limitations in the RFC assessment. *See Valdes-Ocasio*, 2023 WL 3573761, at *1.

Even if the ALJ did not account for Dr. McKenzie's opinion or failed to incorporate limitations, there is substantial record evidence that supported the ALJ's findings. The ALJ cited to record evidence regarding Plaintiff's mental health in its decision. Specifically, for the period relevant to Plaintiff's SSI application, the record reflected and the ALJ discussed Plaintiff's mental health medical history and visits with examiners, including, *inter alia*:

- On February 7, 2023, she reported feeling mildly anxious at times. R. at 23. On March 7, 2023, she reported doing well and denied acute depression. *Id.* On May 4, 2023, she reported being more anxious than usual, but she was not acutely depressed. *Id.* On June 6, 2023, she reported doing well. *Id.* On July 3, 2023, she reported doing ok with no mood swings or depression. *Id.* On August 15, 2023, Plaintiff reported doing okay with no depression or mood swings, but she was at times anxious. *Id.* On September 12, 2023, Plaintiff reported doing well with no significant changes in mental status examination. *Id.* On November 14, 2023, Plaintiff reported being anxious due to upcoming holidays, but she was able to manage them. *Id.* On December 12, 2023, Plaintiff reported being only mildly anxious due to the upcoming holidays. *Id.* On July 9, 2024, Plaintiff reported doing well with no depression or symptoms of psychosis. *Id.* at 24. On September 10, 2024, Plaintiff reported being less anxious. *Id.* On October 10, 2024, Plaintiff reported being able to manage her emotions in a better way and she reported feeling good, no depression, and less anxiety. *Id.*

- A July 6, 2023, consultative examination performed by Trudy Ann Gayle, Ph.D ("Dr. Gayle") showed that Plaintiff reported having anxiety and behaving erratically. *Id.* The mental status examination revealed Plaintiff's cooperative appearance, slouched posture, normal motor behavior, appropriate eye contact, fluent speech, coherent thought process, full range of affect, anxious mood, and clear sensorium. *Id.* Dr. Gayle opined that the claimant had mild evidence of limitation to regulate emotions, control behavior, and maintain wellbeing. *Id.* The ALJ found Dr. Gayle's opinion somewhat persuasive, as it is somewhat supported by examination findings and consistent with the overall evidence referenced in its decision. *Id.* However, the ALJ noted that it was

not entirely consistent with the record, since Plaintiff's hearing testimony suggested her bipolar disorder resulted in greater functional limitations. *Id.*

- A July 2023 Disability Determination Explanation reflected S. Shapiro, Ph.D's ("Dr. Shapiro") opinion that Plaintiff had a mild restriction in understanding, remembering, or applying information, interacting with others, concentration, persistence, or maintaining pace, and adapting or managing herself. *Id.* at 25. The ALJ did not find this opinion entirely persuasive as it was not entirely supported by analysis, was not consistent with the other medical evidence of record, which showed Plaintiff's mental health condition results in a moderate limitation in understanding, memory, and applying information. *Id.*

- A February 27, 2024, psychological consultative examination with Dr. McKenzie revealed that Plaintiff reported having difficulty falling asleep, fearful of being alone, occasional chest pain, and difficulty sustaining attention on tasks. *Id.* at 23-24. She did not report depressive symptomatology. *Id.* at 24. Her mental status exam revealed cooperative demeanor, adequate manner of relating, normal motor behavior, appropriate eye contact, fluent speech, coherent thinking, intact attention and concentration, intact memory skills, average cognitive functioning, good insight, and fair judgment. *Id.* Dr. McKenzie concluded that she had moderate limitations with sustaining an ordinary routine, regular attendance at work, regulating emotions, controlling behavior, and maintaining well-being and mild to moderate limitations with maintaining personal hygiene and appropriate attire. *Id.* The ALJ found this opinion generally persuasive. *Id.*

- Plaintiff stated in her March 2023 Initial Disability function report, that "[s]he had trouble paying attention, and she had trouble following written and spoken instructions" and "[w]hen her stress gets bad, her short-term memory gets bad." *Id.* at 20; *see also id.* at 20.

The ALJ's RFC determination reflects an outcome that accounts for all three medical opinions, not just Dr. McKenzie's. Ultimately, the ALJ's conclusion that Plaintiff's restrictions were moderate is supported by this evidence. *See Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) ("[An] ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence."). *But see Nunez v. Comm. of Soc. Sec.*, 164 F.4th 60 (2d Cir. 2025) (remanding case where the ALJ credited moderate limitations without including corresponding limitations because the record did not find any justification for the ALJ's RFC determination).

Therefore, the ALJ's RFC determination is supported by substantial evidence.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is denied, and Defendant's Motion is granted. Accordingly, the ALJ's decision is affirmed. The Clerk of Court is directed to enter judgment in favor of Defendant and to close this case.

SO ORDERED.

*/s/*
ORELIA E. MERCHANT
United States District Judge

September 11, 2026
Brooklyn, New York